IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| INSAN HALL, ) | Civil Action No. 7:11-cv-00377 | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| JOHN JABE, et al., ) | By: Hon. Michael F. Urbanski | |
|     Defendants. ) | United States District Judge | |

Insan Hall, a Virginia inmate proceeding pro se, filed a motion to enforce the consent decree settlements in Couch v. Jabe, No. 7:05-cv-00642 (W.D. Va. Mar. 19, 2007), and Lovelace v. Bassett, No. 7:03-cv-00395 (W.D. Va. Feb. 29, 2008).[1] Plaintiff names as defendants John Jabe, former Deputy Director of the Virginia Department of Corrections ("VDOC"), and Unknown Kitchen Staff at the Pocahontas Correctional Center ("PCC"). This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court denies the motion to enforce, construes the motion as a civil rights action, and dismisses the action without prejudice for failing to state a claim upon which relief may be granted.

**I.**

Plaintiff moves as a third-party beneficiary to enforce the consent-decree settlements in Couch v. Jabe and Lovelace v. Bassett.[2] Plaintiff asks for sanctions against Jabe and the Unknown Kitchen Staff at PCC. Plaintiff alleges the following facts to support the motion.

Unknown Kitchen Staff at PCC were not giving plaintiff the same number of calories during Ramadan as the inmates not participating in Ramadan.[3] "On three prior occasions, the

---

[1] Plaintiff was not a party to these cases and believes he is an intended beneficiary of the settlements.
[2] Plaintiff does not provide a copy of any settlement agreement and does specify any provision that would apply to him.
[3] Plaintiff does not specify dates for all his allegations, but he describes events during Ramadan in 2010 and 2011.

[PCC Kitchen Staff] tried to short [plaintiff] on calories, twice with pancakes and once with hot dogs." (Pl.'s Declaration ¶ 2.) Kitchen staff immediately corrected the food after plaintiff told staff about the errors. "On August 4, 2010, the Unknown Kitchen Staff fed [plaintiff] a regular crab cake tray rather than a Ramadan crab cake tray, which has more food due to the [plaintiff's] missed lunch tray." (Id. ¶ 3.) PCC officials did not give plaintiff his eight ounce beverage with his supplemental Ramadan bagged meal, allegedly because the beverage contained processed sugar but processed sugar is allowed during Ramadan.

Plaintiff's Ramadan tray on August 5, 2011, was no different than the regular food tray, and the Ramadan bag meal did not include juice or have sufficient calories. Officials at the Keen Mountain Correctional Center ("KMCC") did not open the bathrooms in the chow hall during Ramadan services.[4]

## II.

In Lovelace v. Bassett, Lovelace stipulated to dismissal of the action, "which extends to all parties to this proceeding and is with prejudice," about a correctional officer's alleged intentional violation of plaintiff's religious rights to participate in Ramadan and about KMCC's Ramadan policies. The dismissal order in Lovelace did not state that the court retained jurisdiction to enforce the agreement. In Couch v. Jabe, the defendants, including Jabe, settled an action about the unequal number of calories served to Couch, a Muslim inmate practicing Ramadan, versus other inmates. The dismissal order in Couch authorizes the court's continuing jurisdiction. Neither case's docket contains a settlement agreement.

Rule 70(a), Fed. R. Civ. P., states, "If a judgment requires a party . . . to perform any . . . specific act and the party fails to comply within the time specified, the court may order the act to be done . . . ." Rule 71 authorizes a nonparty to proceed via Rule 70 if the nonparty is an

---

[4] Plaintiff does not explain how KMCC bathrooms are relevant to him.

intended beneficiary of the order and has standing.  See, e.g., Moore v. Tangipahoa Parish School Bd., 625 F.2d 33, 34-35 (5th Cir. 1980) (per curiam).  But see Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975) ("[A] consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it.").

The court does not have continuing jurisdiction to enforce the Lovelace settlement agreement.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994) (noting a breach of a contract involving the settlement of a federal suit is a matter of state law unless some independent basis for federal jurisdiction exists).  Furthermore, plaintiff was not a party to the earlier settlement agreements, and he does not present any evidence that the settlement agreements relate to his claims about pancakes, hot dogs, juice or KMCC bathrooms.  Moreover, plaintiff merely relies on "prison rumors" to argue that a breach of a settlement agreement occurred, and he fails to establish any breach of any contract.  Notably, plaintiff fails to establish that he was ever considered, at most, an intended third-party beneficiary to the settlement agreements.  Accordingly, plaintiff may not proceed via Rules 70 and 71 to enforce the settlement agreements.

### III.

Pursuant to Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court liberally construes the motion to enforce the consent-decree settlements as an independent action alleging civil rights violations, pursuant to 42 U.S.C. § 1983.  Nonetheless, the construed complaint fails to state a claim against Jabe and the Unknown Kitchen Staff.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "Unknown Kitchen Staff" is not a "person" for purposes of § 1983. See, e.g., Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that "Medical Staff" is not a "person" for purposes of § 1983). Plaintiff fails to describe Jabe's personal involvement with plaintiff's food, and he may not proceed against Jabe on the theory of respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978); Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

Plaintiff does not describe a deprivation of a religious right. See, e.g., Turner v. Safley, 482 U.S. 78, 89 (1987) (finding a prison regulation may impinge of the First Amendment's free exercise clause if the regulation is reasonably related to a legitimate penological interest). Plaintiff's receipt of a crab cake tray with fewer calories than the Ramadan crab cake tray does not describe an unconstitutional condition of confinement. See, e.g., Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (holding that a prisoner missing a meal is not cruel and unusual punishment). Furthermore, plaintiff lacks standing to pursue claims about the pancakes, hot dogs, or KMCC bathroom. The Unknown PCC Kitchen Staff corrected the pancakes and hot dogs before he ate them, and he was not housed at the KMCC. Thus, plaintiff did not suffer an injury and does not establish causation. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1992) (holding that standing requires injury, causation, and redressability). Moreover, any claim for equitable or declaratory relief about a few juice boxes during Ramadan in 2010 and 2011 at PCC are now moot. See, e.g., Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937)

(stating that a moot case lacks a real and substantial controversy); Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (holding that transfer to another prison moots a prisoner's claims for injunctive and declaratory relief).

**IV.**

For the foregoing reasons, the court denies plaintiff's motion to enforce the consent decree and dismisses the action without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: July 9, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge